E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Jane Rocio Evans
P.O. Box 424886
San Francisco, CA. 94142
       Plaintiff,

vs.

Walden House, Inc.
520 Townsend street
San Francisco, CA. 94103
       Defendant(s).

CASE NO. CV 08 0894 EDL

EMPLOYMENT DISCRIMINATION COMPLAINT

1. Plaintiff resides at:
   Address **P.O. Box 424886**
   City, State & Zip Code **San Francisco, CA. 94142**
   Phone **(415) 336-3547**

2. Defendant is located at:
   Address **520 Townsend street**
   City, State & Zip Code **San Francisco, CA. 94103**

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred on this Court by 42 U.S.C. Section 2000e-5. Equitable and other relief is sought under 42 U.S.C. Section 2000e-5(g).

4. The acts complained of in this suit concern:

   a. ___ Failure to employ me.

   b. ✓ Termination of my employment.

Form-Intake 2 (Rev. 4/05)    - 1 -

1   c. __ Failure to promote me.   *Defendant has (forged) certified mail*
2   d. ✓ Other acts as specified below.   *receipts in Small claims Court.*
3   Retaliation from Defendant: Has intentionally not
4   mailed me my lost paycheck with Fines owed, even
5   after I have communicated to them that I have
6   never received it and no U.S. Postal office computer
7   printout exists to verify Walden House mailed check.
8   Retaliation: Defendant continues to illegally withhold my
    *Sandplay therapy collection, Projector, slides, worth $8,000.*
9   5.   Defendant's conduct is discriminatory with respect to the following:   *Defendant's business reason for*
10  a. ✓ My race or color.   *this is that it is too expensive for*
11  b. __ My religion.   *them to ship it by UPS, even though*
                         *this would cost them around $100.*
12  c. __ My sex.   *This is not credible. Reasonable*
13  d. __ My national origin.   *Suspicion: Defendant is attempting*
14  e. ✓ Other as specified below.   *to continue to deny that my termination*
                                      *occurred by not having a UPS record*
15  Retaliation   *of mailing belongings.*
16  6.   The basic facts surrounding my claim of discrimination are:
17  Defendant has been intentionally defaming my professional
18  Reputations, according to witness. *condescending* Supervisor Frank Gehr
19  has been telling Walden House employees that "Ms. Evans
20  Walked off the Job" around August 2005. According to
21  attorney consultations, I was "Locked out of
22  Walden House", in Retaliation for Whistleblowing on
23  Mr. Gehr intentionally Discriminating and Sabotaging the
24  REACH program by not authorizing my Facilitating a
    Latino therapy group at Walden House.
25  7.   The alleged discrimination occurred on or about Starting around March 2005
26                                                       (DATE) *to the present date.*
27  8.   I filed charges with the Federal Equal Employment Opportunity Commission (or the
28  California Department of Fair Employment and Housing) regarding defendant's alleged

Form-Intake 2 (Rev. 4/05)                       - 2 -

1 | discriminatory conduct on or about __10-31-07 and August 9, 2005.__
2 | (DATE)
3 | 9.   The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter
4 | (copy attached), which was received by me on or about __11-30-07__.
5 | (DATE)
6 | 10.  Plaintiff hereby demands a jury for all claims for which a jury is permitted:
7 | Yes ✓   No ___
8 | 11.  WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate,
9 | including injunctive orders, damages, costs, and attorney fees.

DATED: __2-11-2008__      __Jane Rocio Wong, MFT__

SIGNATURE OF PLAINTIFF

*(PLEASE NOTE: NOTARIZATION*      __Jane Rocio Evans__
*IS NOT REQUIRED.)*

PLAINTIFF'S NAME
(Printed or Typed)

Form-Intake 2 (Rev. 4/05)      - 3 -

SOCAL AUTHORIZATION CENTER  U033357
PO BOX 19007
SAN BERNARDINO  CA  92423-9007

PERIOD ENDING  U25101131

STATE OF CALIFORNIA
BILL LOCKYER, TREASURER

4048
DATE ISSUED  01-26-08
09-02-07 A  01-31-08
EMPLOYMENT DEVELOPMENT DEPARTMENT
VOID IF OVER $900, OR IF NOT CASHED
WITHIN 1 YEAR FROM DATE ISSUED

PAY ONLY  $516.00

$516.00

PAY TO THE ORDER OF:  **FIVE HUNDRED SIXTEEN DOLLARS*********************

ROCIO EVANS
PO BOX 424886
SAN FRANCISCO  CA  94142

DIRECTOR
UNEMPLOYMENT INSURANCE ACCOUNT

Record that this is the only income I am currently receiving at this time,
$516.00 every 2 weeks.

— Rocio Evans, MFT

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jane R. Evans<br>P.O. Box 424886<br>San Francisco, CA 94142 | From: | San Francisco District Office<br>350 The Embarcadero<br>Suite 500<br>San Francisco, CA 94105 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2008-00203 | Adriana Gomez,<br>Investigator | (415) 625-5659 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Michael Baldonado_    11/29/07

H. Joan Ehrlich,    *(Date Mailed)*
District Director

Enclosures(s)

cc: WALDEN HOUSE
520 Townsend Street
San Francisco, CA 94103

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2008-00203 |

California Department Of Fair Employment & Housing               and EEOC
_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Jane Rocio Evans | (415) 336-3547 | |

Street Address: P.O. Box 424886, San Francisco, CA 94142

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WALDEN HOUSE | ~~15-100~~ 500+ | (415) 554-1100 |

Street Address: 520 Townsend Street, San Francisco, CA 94103

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 
Latest: 10/31/2007
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked for Respondent from November 16, 2004, to August 4, 2005. My last position was Dual Diagnosis Therapist. In or about 2005, I filed two charges with the EEOC, and have since then been retaliated against by Respondent. Despite no longer working for Respondent, they continue to withhold my belongings. For example, Respondent continues to withhold my Sandplay therapy collection, worth $8,000.00, which I purchased with my own money; slide projector, that I currently need; client Sand play therapy slides; one month worth of salary and final paycheck with fines. Respondent stated that they sent my final pay check by certified mail but has never provided a computer print out from the U.S. postal office to prove this. I have never received it. Respondent has never provided bank statements to prove that the check was cashed. In fact, Respondent has forged certified mail receipts in small claims court.

Respondent stated that if I want to get my belongings that I have to pick them up at the warehouse. However, I fear for my safety. Respondent stated that it was too expensive for them to ship it by UPS, which I believe to be untrue given the size of the company.

I believe that I am being discriminated against because of my race and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

10-31-07    Jane Rocio Evans, MFT
Date        Charging Party Signature

February 11, 2008

To Superior Court of San Francisco
Re: Jane Rocio Evans vs. Walden House

    Defendant is currently intentionally withholding $8,000 worth of my property, mainly professional tools and equipment that I need to use for my work. Defendant stated to Community Boards personnel that the business reason they could not UPS my belongings was because' It costs them too much money to do so." It would cost them about $100, and this is a Large company.
    Defendant Human Resources Director, Lori Dorn, committed perjury in Small Claims Court in October 5, 2005. She told the Judge,' The Salary Negotiations never took place,' regarding my having requested $44,000 from Lisa Zaslove, Training Director at Walden House. I have a letter written by witness, which says that the Salary Negotiations did take place. I also have a letter from an organization stating that an employee at Walden House, who was male, was most likely being paid more than I was for similar job duties, even though I was more qualified at the time, having received my professional Marriage, Family Therapy License in 2004. This co-worker was not professionally licensed as I was at the time. Defendant thus intentionally violated the Equal Pay Act. Ms. Dorn intentionally omitted the Professional Licenses status of the employee wage/salary records she presented in Small Claims Court.
    Defendant's Supervisor Frank Gehr intentionally held me against my will in the nexus of a Walden House Building. He told me on August 3, 2005:'You are going to be forced to have this meeting (a Termination meeting) and had Walden House Counselor Patricia Ayala escort all the clients and people who were in the Nexus, manning the phones in order to keep the building safe, out of the Nexus in order to coerce this meeting on me. I reported this criminal activity and racial Discrimination to the San Francisco Police at around the time of this occurrence, but they refused to take a Police Report. I reported this conduct to the District Attorney's office in writing.
    Defendant intentionally forged the date of the Termination letter in small Claims Court. The date on their letter was August 9, 2005, and the date on the termination letter I received in the mail was August 3, 2005. I am claiming as reasonable suspicion that the reason for this was for Defendant to cover up the events surrounding the coerced termination on August 3, 2005. There are several witnesses to verify that the attempted coerced termination took place.

*Jane Rocio Evans,*
*MFT*

February 11, 2008

Letter to Superior Court
Regarding: Jane Rocio Evans vs. Walden House

    Plaintiff has suffered serious harm in the form of continuous abdominal cramps during employment. Letter from medical witness at Hospital refers to this.

    Equal Employment Opportunity Commission also serve as witnesses that plaintiff has suffered harm, as a result of Lock out from Walden House. They are witnesses that I was at the EEOC office filing a Charge on the afternoon of August 9, 2005. I have suffered serious homelessness, hunger, lack of transportation, lack of adequate clothing for years after my Lock out from Walden House.
    Defendant 's HR Director, Lori Dorn, investigated me unlawfully while at Walden House. She did not bring any paperwork to an investigative meeting.
    It was communicated to me by Gavriel Mardell at Walden House that their business reason for my Termination was 'Insubordination.' Insubordination is very rare and it was not communicated to me either verbally or in writing what the reasons for this so called Insubordination were. Defendant violated Walden House's employment Disciplinary Policy at the time of Termination, as Plaintiff did not have a verbal warning, written warning or anything else on her record at the time of Lock out and Termination.
    Lisa Zaslove failed to transfer Plaintiff to REACH program in June 2005, which would have been a good solution to the severe racial harassment Plaintiff was suffering from Walden House Supervisor Frank Gehr.
    There is a witness that stated that Mardell Gavriel authorized the Medi-Cal auditing of Plaintiff's Medi-Cal charts at Walden House.
    There is a witness, which witnessed that Walden House Manger Lori Dorn did not bring any paperwork to the Small Claims Appeals Hearing in January 2006. No paperwork was ever mailed to me by Walden House. Small Claims Court personnel harassed me and prevented me from ever seeing or looking at any paperwork/documents that Walden House attorneys had written regarding my Small Claims Court case. To this date I have not seen these documents, except for a small amount of documents that Ms. Dorn brought to the October 5, 2005 Small Claims Hearing.
    Co-worker Michael Smith was racially harassing REACH staff during 2005. Mr. Smith stated:'Dr. Hightower likes to stick in the knife."
    Former co-worker David Peresky harassed me emotionally. He communicated to me during a telephone conversation: 'if your case goes to Court I'll testify against you." I communicated this harassment to the EEOC. It was communicated to me by friends that Mr. Peresky's comment was similar to that of telling a woman that she would be 'raped,' if she took her case to Court. I experienced Mr. Peresky's comment as verbally violent.
    REACH Staff witness communicated to me that I 'was being attacked by paperwork,' by Frank Gehr, in 2005. I communicated this to EEOC.
    I was yelled at and verbally abused by Frank Gehr, in front of witness Timothy O'Neill. He witnessed Mr. Gehr screaming at me to correct progress notes, which did not need to be corrected. As Mr. Gehr was an unlicensed psychologist at the time, he did not have the authority to give this order, as he was not my clinical Supervisor. Ms. Zalsove would have qualified at the time as my clinical Supervisor and she did not give this order.
    Ms. Zalsove intentionally lied and misrepresented facts to me in June 2005 by stating to me at a meeting:' I am not your Supervisor.' There is thus reasonable cause for me to believe that she knew at the time that I was being targeted for a calculated, intentional Termination.

                                                                        Respectfully,

                                                                         *Jane Rocio Evans, MFT*

                                                                         Ms. Jane Rocio Evans,
                                                                         Licensed Marriage, Family Therapist

**J. Rocio Evans, MFT**
**License Number: 40689**
*Resume*

**Personal**

> P.O. Box 424886
> San Francisco, CA 94142
> Cell phone 415) 336-3547
> E-mail: rocioevans@yahoo.com

**Relevant Skills**

> Creative thinker, capable of finding innovative angles, perspectives and approaches to issues. Expresses thought provoking ideas beautifully and articulately. Insightful and perceptive, brings qualities of keen awareness and practicality to work. Natural authority, comfortable initiating action and motivating others. Ability to accept responsibility, sensitivity to needs of others.

**Education**

| | |
|---|---|
| November 1995 | Master of Arts, Counseling Psychology<br>Lesley College<br>Cambridge, Massachusetts |
| May 1993 | Bachelor of Arts<br>Major, Women's Studies, Graduated with Distinction<br>Major, Psychology<br>San Diego State University |
| December 1999 | Certificate in Expressive Arts Therapies<br>John F. Kennedy University<br>Completed courses in Sandtray/Sandplay<br>Mask Making, Poetry Therapy |
| November 2006 | Completed courses in Play Therapy<br>University of California, San Diego Extension Studies<br>Play Diagnosis, Toys and their uses<br>Nondirective Play Therapy, Filial Therapy<br>Psychodynamic Play Therapy |

**Foreign Language**

> Bilingual/Bicultural in Spanish/English

**Professional Experiences**

February 2007-
June 2007

    Senior Counselor I, Personal Assisted Employment Services Program
Asian American Recovery Services, San Francisco
Responsible for conducting Mental Health Assessments with welfare
to work clients. Facilitated group therapy, including women's therapy
group. Experience with DSM-IV Diagnosing, Treatment Plan formulation.
Responsible for program for Spanish Speaking clients, including case
management, facilitating individual therapy with monolingual Spanish
Speaking adult clients.
Responsible for filing Child Abuse Protective Services reports.
Responsible for completing adult Medi-Cal Billing.

May 2006-
September 2006

    Mental Health Rehabilitation Specialist, Baker Places, Inc. San Francisco
Responsible for clinical treatment of dual diagnosis adults in Mental
Health Residential Treatment program. Worked largely with homeless
population. Facilitated group therapy on grief and loss, art therapy,
Cultural identity/self-esteem. Completed Treatment Plans, worked with
multi-disciplinary team. Case management, suicide risk, assessment and
prevention. Facilitated individual therapy using cognitive and behavioral
therapy modalities.

November 2004-
August 2005

    Dual Diagnosis Therapist, Walden House, San Francisco
Facilitated individual and family therapy for dually diagnosed
adults, in a Mental Health Residential Treatment program.
Facilitated bonding group for parents and their children,
managed student trainees in Bonding Therapy group. Facilitated
Domestic Violence support group for women. Applied principles of
Dialectical Behavior Therapy and Cognitive behavior therapy with clients.
Facilitated family therapy. Worked as member of multi-disciplinary team
in Therapeutic Community. Responsible for adult Medi-Cal
documentation and Billing. Diagnosed from the DSM-IV, completed
Treatment Plans. Responsible for Mental Health Assessment and
referrals. Responsible for risk assessment, crisis management and
intervention, suicide assessment of clients. Responsible for filing CPS
reports. Successfully completed 5150 training.

WALDEN HOUSE, INC.
EMPLOYEE PERFORMANCE EVALUATION

EVALUATION DATE: 3/16/05    EMPLOYEE NAME: Rocio Evans
HIRE DATE: 12-4-03    POSITION: M.H. Therapist

SECTION 1 – GENERAL PERFORMANCE RATING:
1 = POOR   2 = SUBSTANDARD   3 = STANDARD   4 = ABOVE AVERAGE   5 = SUPERIOR

| AREA | 1 | 2 | 3 | 4 | 5 | NOT APPLICABLE |
|---|---|---|---|---|---|---|
| **QUALITY OF WORK** Performance in meeting established standards accurately and effectively. | | | | | ✓ | |
| **QUANTITY OF WORK** Output of satisfactory work, efforts to improve effectiveness/efficiency. | | | | | ✓ | |
| **JOB KNOWLEDGE** Adequacy of all aspects of job and related self-development. | | | | ✓ | | |
| **INITIATIVE** Ability to work without supervision; resourcefulness. | | | | | ✓ | |
| **WORK ATTITUDE** Enthusiasm and interest in work. | | | | | ✓ | |
| **COOPERATION AND TEAM SPIRIT** Ability to work in harmony and effect on agency morale. | | | | | ✓ | |
| **ATTENDANCE** Regularity of attendance and punctuality. | | | | | ✓ | |
| **DEPENDABILITY** Acceptance of responsibility, follow through of assigned tasks. | | | | | ✓ | |
| **JUDGMENT** Correctness of decisions and logic; exercising discretion. | | | | ✓ | | |
| **LEARNING ABILITY** Speed and thoroughness of familiarizing, learning new tasks. | | | | | ✓ | |
| **WORK HABITS** Organization, thoroughness, timeliness and neatness. | | | ✓ | | | |
| **LEADERSHIP AND MANAGEMENT** (If applicable) Ability to guide and direct subordinates and manage resources. | | | | | | NA |
| TOTAL checks in each column: | | | 1 | 2 | 8 | Do not count checks in this column |
| Multiply score for each column: | X1 | X2 | X3 | X4 | X5 | |
| TOTAL ratings for each column and add them up: | | | 3 | 8 | 40 | Total → 49 |

Divided by the number of checks: 11

Total score: 4.45

## SECTION 2 – NARRATIVE

A. GENERAL COMMENTS: Rocio is an exceptional staff member who has been able to come to clinical tasks & training. And effectiveness that has helped build a stronger Mental Health team.

B. SUCCESS IN FOLLOWING MONTHLY PROGRESS REPORT RECOMMENDATIONS: Rocio responds effectively and promptly.

C. OVERALL EMPLOYEE GROWTH AND STRENGTHS: learning more about Health Education & this population. Being able to facilitate 2 very needed support therapy groups.

D. AREAS NEEDING IMPROVEMENT: learning to "Speak up more" and give voice to your experience and specialty clinical skills.

E. FURTHER TRAINING REQUIREMENTS: Continue as career needs warrant

## SECTION 3 – EMPLOYEE RESPONSE

This evaluation has been reviewed and discussed with me. I understand the ratings, and I understand that I need not necessarily agree or disagree. My comments are as follows:

I appreciate Frank Gher's efforts to support my growth and progress in Walden House.

EMPLOYEE SIGNATURE: Rocio Sydow, MFT    DATE: 3-16-05
SUPERVISOR SIGNATURE: Frank C. Gher, SW    DATE: 3/16/05

```
Karen Rocio Evans                Social Security #: 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           Student ID: 6-943
PMB 113
1071 6th Ave                     Place of Birth: Mexico City
San Diego, CA  92101-5259
Program: Certificate in                                   Program:
         Expressive Arts
Emphasis:                                                 Emphasis:
================================================================================
----------------- Transfer Credits ---------------
BA  San Diego State University  5/1993
     0.00    0.00    0.00    0.00    0.00    0.00
LM  Lesley College  1/1995
     0.00    0.00    0.00    0.00    0.00    0.000

        attempt  earn   pass   quality  points   gpa
ses       0.00   0.00   0.00    0.00     0.00   0.000
cum       0.00   0.00   0.00    0.00     0.00   0.000

----------------- Spring Quarter 1997 -----------
PS156.5   Ethics and the Law                   3.00  W
PSY5740   Theory and Practice of               3.00  CR
          Expressive Arts Camps
PSY9004   Human Sexuality Workshop             0.00  CR

        attempt  earn   pass   quality  points   gpa
ses       6.00   3.00   3.00    0.00     0.00   0.000
cum       6.00   3.00   3.00    0.00     0.00   0.000

----------------- Spring Quarter 1998 -----------
PSY5156   Systemic Theory and Family           3.00  CR
          Therapy A
PSY5760   Expressive Arts Therapy:             3.00  CR
          The Creative Process
PSY9000   Child Abuse Assessment,              0.00  CR
          Reporting and Treatment

        attempt  earn   pass   quality  points   gpa
ses       6.00   6.00   6.00    0.00     0.00   0.000
cum      12.00   9.00   9.00    0.00     0.00   0.000

----------------- Summer Quarter 1998 -----------
PSY5157   Systemic Theory and Family           3.00  CR
          Therapy B
PSY5179   Basic Addiction Studies              3.00  CR
PSY5764   Seminar in Expressive                2.00  CR
          Arts Therapy:
          Poetry Therapy

        attempt  earn   pass   quality  points   gpa
ses       8.00   8.00   8.00    0.00     0.00   0.000
cum      20.00  17.00  17.00    0.00     0.00   0.000

----------------- Fall Quarter 1998 -----------
PSY5158   Special Issues in Family             3.00  CR
          Development:
          Structural Perspective
PSY5305   Child and Adolescent Treatment       3.00  CR
PSY5764   Seminar in Expressive                1.00  CR
          Arts Therapy:
          Mask Making

        attempt  earn   pass   quality  points   gpa
ses       7.00   7.00   7.00    0.00     0.00   0.000
cum      27.00  24.00  24.00    0.00     0.00   0.000

----------------- Winter Quarter 1999 -----------
PSY5247   Clinical Case Seminar:               3.00  CR
PSY5302   Sand Tray and Sandplay Therapy       2.00  CR
PSY5635   Ethics and the Law                   3.00  A+
PSY9050   Certificate Field Placement:         0.00  NC
          Expressive Arts Therapy

        attempt  earn   pass   quality  points   gpa
ses       8.00   8.00   5.00    3.00    12.00   4.000
cum      35.00  32.00  29.00    3.00    12.00   4.000
```

*Sandra L. Lee*  09/10/99
Office of the Registrar

**LESLEY**

Cambridge, Massachusetts 02138-2790        06/27/96        Ms. Rocio Evans
                                                            21 Hews, Apt. 3
                                                            Cambridge, MA 02139                    PAGE 1 OF 1

STUDENT NUMBER: 0193850    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                                              DATE ADMITTED: 93/U1

  DEGREE: MAC    Master of Arts in Counseling Psychology        REQUIREMENTS COMPLETED: 06/19/95   CONFERRED: 11/17/95
  PROGRAM: LM   Graduate School of Arts & Social Sciences Master
  LOCATION: MC  Main Campus
     MAJOR: 3600 Counseling Psychology

  MINOR:

SPECIALIZATION:

CERTIFICATION:

SECONDARY SCHOOL:
GRADUATION YEAR:

UNDERGRADUATE INSTITUTION: SAN DIEGO STATE UNIVERSITY
DEGREE CONFERRED: Bachelor of Arts
DATE CONFERRED:    5/93

| TERM  | COURSE NUMBER | COURSE TITLE | CREDITS | GRADE |
|-------|---------------|--------------|---------|-------|
|       |               | **ACADEMIC YEAR 1992-93** | | |
| 93/U1 | GPSYC 6200 01 | Orientation/Professional Psychology | 2.00 | P |
|       |               | **ACADEMIC YEAR 1993-94** | | |
| 93/FA | GPSYC 6026 03 | Developmental Psychology Across the Lifespan | 3.00 | A- |
| 93/FA | GPSYC 6027 04 | Clinical Skills and the Counseling Process | 3.00 | P |
| 93/FA | GPSYC 6201 01 | Issues and Standards in Professional Psychology | 3.00 | A- |
| 93/FA | GPSYC 6300 01 | Theories of Holistic Counseling and Psychotherapy I | 3.00 | A |
| 94/SP | GPSYC 6007 J1 | Psychopathology | 3.00 | B |
| 94/SP | GPSYC 6015 03 | Group Dynamics | 3.00 | P |
| 94/SP | GPSYC 6301 01 | Theories of Holistic Counseling and Psychotherapy II | 3.00 | A |
| 94/SP | GPSYC 6305 01 | Counseling and Spirituality | 3.00 | A |
|       |               | **ACADEMIC YEAR 1994-95** | | |
| 94/FA | GEXTH 6302 01 | Training Workshop in Psychodrama | 3.00 | P |
| 94/FA | GPSYC 6029 01 | Vocational Development and Career Counseling | 3.00 | B+ |
| 94/FA | GPSYC 6101 01 | Research Design & Program Evaluation | 3.00 | A- |
| 94/FA | GPSYC 7710 09 | Clinical Practice & Supervision I: Clinical Setting | 3.00 | P |
| 95/SP | GPSYC 7100 01 | Biological Bases of Behavior | 3.00 | B |
| 95/SP | GPSYC 6030 02 | Gender, Race & Ethnicity in Counseling | 3.00 | A |
| 95/SP | GPSYC 6205 01 | Assessments for Counseling and Psychology: Adults | 3.00 | A |
| 95/SP | GPSYC 6211 01 | Professional Integrative Seminar | 1.00 | P |
| 95/SP | GPSYC 7711 09 | Clinical Practice & Supervision II: Clinical Setting | 3.00 | P |

CUMULATIVE CREDIT:   CRED ATT  51.00   CRED CMPLT  51.00   CRED CALC  33.00   GRADE PTS  121.20   GPA  3.67

END OF TRANSCRIPT

**RAVENSWOOD CITY SCHOOL DISTRICT**
Mailing Address: 2120 Euclid Avenue, East Palo Alto, CA 94303
Phone #: (650) 329-2800 – Fax #: (650) 323-1072
Substitute Line - Phone #: (650) 323-9418

15 June 2007

To Whom It May Concern:

I am writing this letter in order to provide a reference for Ms. Rocio Evans, M.A., MFT, who is currently seeking employment as a licensed Marriage and Family Therapist with your organization. I have known Ms. Evans for about seven years now, having first worked with her as a bilingual and group therapist from early 2000 until the end of 2002. During the time I was employed as a licensed MFT at the Spring Valley branch of Family Health Centers of San Diego (FHC), and was introduced to Ms. Evans, an MFT intern at that time, in the context of group supervision and regularly scheduled staff meetings in the organization. I have actively cooperated with Rocio in the preparation of her licensing exams during that time, as well as during clinical consultations for specific cases that she was assigned to during those years.

In this context, I have been able to form a thoroughly positive impression about the qualities of Ms. Evans' clinical skills as both a group and individual therapist. I have further been able to witness her many apparent personal as well as interpersonal skills, during multiple staff and supervision meetings and case consultations, where she often served as a team leader and resource therapist with specific areas of expertise beyond the scope of other therapists of similar training. These included Rocio's ability to provide therapy and groups in Spanish to our many bilingual clients, as well as conduct both trainings and therapy sessions also involving Sandtray therapy, which she diligently pursued as one of her therapeutic specializations through additional coursework and supervision.

Through her clinical skills and respectful manner, as well as her friendliness and manifest personal skills, Ms. Evans finds it easy to relate to and build rapport with both her coworkers and the clients whom she serves as a licensed bilingual therapist. During her time at FHC, I have known Rocio to always being active and highly productive, in regard to both the quantity of her caseload in individual and group therapy, as well as in the high quality and ethical, effective delivery of therapeutic services and interventions. Ms. Evans has consistently been known to being able to provide the most appropriate services for her clients and groups, and serve both our English-only and bilingual clients at FHC in a professional manner throughout her tenure at that organization.

I was always aware that Rocio Evans performed as an effective team player at FHC, maintaining appropriate friendships and cordial relations with her fellow interns, staff, and employees. Among her peers, she was frequently sought out as a respected voice in personal and professional matters, providing a focal point for an intern group that was generally characterized by a supportive and helpful atmosphere. Ms. Evans's work and good standing at Family Health Centers of San Diego was distinguished further through a generous grant she received from the organization, allowing her to provide therapeutic materials and support for her training in Sandtray Therapy, including a specialized conference in Portland, OR, which overall constituted a highly unusual

acknowledgment of professional and personal merits, especially for the pre-licensed intern therapist she was at the time.

Throughout the years that I have known Ms. Evans, she has been an exemplary and most helpful colleague to me, always eager to share her resources and expertise with others. She was a well-liked intern at the Logan Heights branch of FHC in San Diego of long-term good standing. I have known Ms. Evans to consistently provide therapy and consultations at the very high levels of her clinical and personal skills. In addition to her specialization in Sandtray and Play Therapy with children and school-age clients, she has demonstrated further strengths in working with diverse client populations, groups and individuals impacted by domestic violence, abuse, and other manifestations of traumatic exposure leading to depression, anxiety, and adjustment disorders. Most recently, Ms. Evans has successfully worked in the field of substance abuse treatment, by providing both group and individual therapy at a non-profit organization in San Francisco specializing in these areas.

In my opinion and that of the many other professionals that I have worked with at FHC, Ms. Evans has always done an outstanding job responding to the high levels of need of those seeking her expertise as a therapist, while also managing a demanding work assignment. Going above and beyond the call of her tasks, Rocio appeared to never mind being of assistance to our clients and professional colleagues. She does seem to genuinely enjoy working with others, so that her assistance has been appreciated by everyone who had professional contact with her as a therapist and counselor. Through her patience and tact as well as her multiple linguistic and intercultural skills, Ms. Evans relates and works well with others, including individuals from a wide range of backgrounds.

I am therefore very confident that Ms. Evans would be able to make a strong and constructive contribution to your or any other organization that seeks a dedicated and exceptional therapist to fulfill those functions. I recommend Ms. Evans to you most highly and without any reservations whatsoever, as a Marriage and Family Therapist of exceptional skills and qualifications, whom I have known to demonstrate a consistently high level of clinical skills and commitment to her work with both clients and colleagues. Please do not hesitate to contact me if I should be able to provide any further information.

Sincerely yours,

Anka Gleber, Ph.D., MFT #38404
Ravenswood City School District



**JS 44** (Rev 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**EDL**
**ADR**
**E-filing**

**I. (a) PLAINTIFFS** Jane Rocio Evans
P.O. Box 424886, San Francisco, CA 94142

**DEFENDANTS** Walden House, Inc.
520 Townsend St. San Francisco, CA 94142

**(b)** County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
San Francisco

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
None

Attorneys (If Known)
Attorneys unknown

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII Violation, Violation of Equal Pay Act
Brief description of cause:
Defendant witholding Property used for work, Locked out Plaintiff, paid for professional License.

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 250,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE 2-11-08   SIGNATURE OF ATTORNEY OF RECORD Jane Rocio Evans, MFT

08-894 EDL

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:      U.S. Civil Statute: 47 USC 553
                                                Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.