**United States District Court**
For the Northern District of California

1

2

3                          UNITED STATES DISTRICT COURT

4                          NORTHERN DISTRICT OF CALIFORNIA

5

6

7    JANE ROCIO EVANS,

8                Plaintiff,                    No. C 08-0894 PJH

9         v.                                   **ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND AND DENYING**
10                                             **APPOINTMENT OF COUNSEL**

11   WALDEN HOUSE, INC.,

12                Defendant.
     _____/

13

14         Plaintiff filed a complaint on February 11, 2008, alleging employment discrimination

15   against defendant.  She alleges race discrimination resulting in her termination and

16   retaliation.  She alleges that the discriminatory conduct occurred on August 9, 2005 and

17   October 31, 2007, and that she received a right to sue letter from the EEOC on November

18   30, 2007.  Plaintiff has filed a request to proceed *in forma pauperis* ("IFP") and a request

19   for appointment of a "Public Defender or attorney."

     **I.    IFP Application**
20
           The court may authorize a plaintiff to file an action in federal court without
21
     prepayment of fees or security if the plaintiff submits an affidavit showing that she is unable
22
     to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The in forma pauperis
23
     statute also provides that the court shall dismiss the case if at any time the court
24
     determines that the allegation of poverty is untrue, or that the action (1) is frivolous or
25
     malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary
26
     relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim
27
     is frivolous and one for which relief may not be granted if there is no federal subject matter
28
     jurisdictional basis for it.

United States District Court

For the Northern District of California

1    To establish federal subject matter jurisdiction for a Title VII claim, a plaintiff must

2  exhaust his remedies by filing an administrative charge of discrimination with the EEOC

3  before commencing an action in federal court. B.K.V. v. Maui Police Dept., 276 F.3d 1091,

4  1099 (9th Cir. 2002); Sommatino v. United States, 255 F.3d 704,708 (9th Cir. 2001).  The

5  relevant statute, 42 U.S.C. 2000e-5(1), requires that a charge under Title VII be filed with

6  the EEOC within 180 days of the alleged unlawful employment practice.

7    Plaintiff's discrimination claim is based on her termination from employment which

8  occurred on August 4, 2005.  A copy of her EEOC charge is attached to her complaint and

9  is dated October 31, 2007, a date that is significantly later than the 180-day deadline.  The

10  EEOC right to sue letter is dated November 29, 2007, and presumably is a response to the

11  October 31, 2007 charge.  In that charge plaintiff claims to have filed two charges with the

12  EEOC "in or about 2005."  Copies are not attached.  Accordingly, in order to establish

13  subject matter jurisdiction, plaintiff must show that she filed a charge within the 180-day

14  deadline, by submitting a copy of the charge(s) and a copy of the right to sue letter(s) sent

15  to her by the EEOC.

16    The basis of the retaliation claim is not altogether clear.  If the claim is based on

17  plaintiff's termination in retaliation for whistle-blowing activity she engaged in during her

18  tenure with defendant, it suffers from the same problem as the discrimination charge and is

19  likely time-barred in the absence of proof of a timely EEOC charge.  If it is based on

20  retaliation for her having filed the alleged 2005 charges, it is difficult to see how that would

21  qualify as retaliation cognizable under Title VII, which requires proof of an adverse

22  employment action taken as a result of protected activity.  There could be no adverse

23  employment action taken against someone who was no longer an employee.  It appears

24  that plaintiff's retaliation claim might be based on her allegation that defendant has

25  wrongfully withheld some of her personal property, which might give rise to a common

26  claim of conversion, but does not amount to a civil rights violation.

27    In sum, the complaint does not currently establish a basis for federal subject matter

28

United States District Court

For the Northern District of California

1  jurisdiction and is therefore DISMISSED.  The dismissal is with leave to amend in order to

2  afford plaintiff an opportunity to cure the deficiencies and to clarify her claims.  The court

3  reserves ruling on the IFP request pending further review of the amended complaint.

4  **II.    Appointment of counsel**

5  There is no constitutional right to counsel in a civil case unless an indigent litigant

6  may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Social

7  Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997)

8  (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on

9  reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  However, a court "may request an

10 attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1]

11 The decision to request counsel to represent an indigent litigant under § 1915 is within "the

12 sound discretion of the trial court and is granted only in exceptional circumstances."

13 Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of the "exceptional

14 circumstances" of the plaintiff seeking assistance requires an evaluation of the likelihood of

15 the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his

16 claims pro se in light of the complexity of the legal issues involved.  See Agyeman v.

17 Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

18 Under Title VII, in evaluating a request for appointment of counsel, the court must

19 consider plaintiff's financial resources, efforts made by plaintiff to secure counsel, and

20 whether plaintiff's claim has merit.  Bradshaw v. Zoological Soc. Of San Diego, 662 F.2d

21 1301, 1318 (9th Cir. 1981).

22 Both standards require the court to evaluate the merits of the claim.  At this early

23 juncture of the case, a definitive assessment is not possible.  However, the court notes the

24 following factors.  First, the EEOC apparently conducted no investigation, but instead

25 issued a right to sue letter 30 days after the filing of the charge of discrimination advising

26 ───────────────

27 [1]The Supreme Court has made clear that section 1915 does not give courts the power
   to make "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S.
28 296, 310 (1989).

1  plaintiff that it was unable to conclude that a violation had occurred.  Second, plaintiff's

2  claims may very well be time-barred.  Thus the court is unable to conclude that the claims

3  have merit.  Accordingly, the request for appointment of counsel, which essentially requests

4  the court to find volunteer counsel for plaintiff, is DENIED.

5        The amended complaint must be filed by May 30, 2008, or this action will be

6  dismissed.

7        **IT IS SO ORDERED.**

8  Dated: May 8, 2008

9                                              PHYLLIS J. HAMILTON
                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JANE R EVANS,

          Plaintiff,

  v.

WALDEN HOUSE INC et al,

          Defendant.

_____/

Case Number: CV08-00894 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jane Rocio Evans
PO Box 424886
San Francisco, CA 94142

Dated: May 9, 2008

                    Richard W. Wieking, Clerk
                    By: Frank Justiliano, Deputy Clerk