Jane Rocio Evans, MFT
P.O. Box 424886
San Francisco, CA 94142

Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHEN DISTRICT OF CALIFORNIA

JANE ROCIO EVANS

        Plaintiff

Vs.

WALDEN HOUSE, INC.,

        Defendant

No. C 08-0894 PHJ

**REQUEST TO VACATE JUDGMENT
TO DISMISS COMPLAINT AND
REQUEST TO VACATE JUDGEMENT
REGARDING DENIAL OF
APPOINTMENT OF COUNSEL**

Plaintiff states that this case has Merit and is defined legally as a TITLE VII violation, with a jurisdictional basis for it. The relevant statue, 42 U.S.C. 2000-e5 (1) has been complied with as a Charge of Discrimination regarding Walden House was filed with the EEOC on August 9, 2005. See Exhibit 1 attached with this request to vacate Judgments. Exhibit 1(a): Letter to sue Walden house issued by the EEOC in 2006. (b), Walden house Discrimination Charge filed in August 2005. (c) Second Walden House Charge filed with the EEOC in 2005. 3 pages. Plaintiff states that these documents were not submitted to this Court with the letter to sue Walden House given by the EEOC in 2007, due to Plaintiff not being able to afford to hire an attorney, as this Court Charge was filed in forma pauperis. Plaintiff is very new at this Court filing process. Copies were thus not attached not due to irresponsibility on the part of Plaintiff, but because plaintiff was not aware of how forms are originally filed as Plaintiff did not have an attorney to advise her.

EXHIBIT 2: Plaintiff is submitting with this request a letter from the Employment

Development Department, Notice of Unemployment Insurance Claim Filed. Item 2:

"The last day you worked for that Employer (Walden House) was 08/03/2005." This is

important documentation to verify that my Lockout from this employment occurred on

August 3, 2005. I was LOCKED OUT of Walden House, as a Supervisor at Walden

House communicated to me that Walden House had violated their disciplinary policy

regarding Plaintiff, in August 2005. In addition, Plaintiff consulted with an attorney in

December 2005, for 3 hours, paying $350 to this attorney, and it was communicated to

plaintiff that defendant had Locked out plaintiff. August 3, 2005 is the last day Plaintiff

worked for Defendant and Plaintiff was never allowed back into her office at Walden

House to work after this date, even though Plaintiff requested to go back to work in her

office on August 9, 2005, in person from Defendant Supervisors Debbie Caruso and

Gretchen Richardson. This request was denied. Plaintiff communicated the circumstances

of August 3, 2005, including the severe racial discrimination by Defendant Supervisor

Frank Gehr on this date, including his criminal conduct of intentionally giving the order

to trap Plaintiff in the Walden House Nexus on Hayes Street facility and coerce Plaintiff

to" have a meeting with him and HR Director Lori Dorn." Plaintiff communicated this in

person to Police Officer at Valencia Street Police Station. Officer refused to take Police

report, and communicated to Plaintiff that Mr. Gehr had kept the building unsafe while

this coerced meeting was taking place, as there was no one in the nexus to Mann the

phones or call Security should an emergency arise. In addition, this coerced meeting

window and clients as well as staff could look into it. A client later communicated to Plaintiff that 'you leaving Walden House was a big thing." Mr. Gehr ordered Defendant Counselor Patricia Ayala to escort 2 clients who were manning the nexus and phones out of the nexus. She is a witness to this overt racial discrimination from Gehr.

Plaintiff did not file the right to sue letter in this Court by November 2006, as the EEOC did not explain to Plaintiff that the Court at times appoints an attorney for Plaintiffs in Civil Rights cases. Court process or court websites to go on were also not explained to plaintiff by the EEOC in 2006, when the first right to sue letter was issued, therefore plaintiff did not file this letter in this Court, as plaintiff was very new to process and was not aware of this process, therefore was not aware of which questions to even ask regarding this process. Plaintiff could not afford to hire an attorney at this time, as plaintiff was terminated by Baker Places at this time and SEIU Local 535, Baker Places Union, gave Plaintiff a letter stating to plaintiff that Baker Places had Discriminated against Plaintiff as regards her termination from this company.

Plaintiff has serious concerns as regards the San Francisco EEOC at this time. The EEOC personnel showed Plaintiff the Walden House position statement in 2005. Plaintiff saw this statement in person at the EEOC Office and met with EEOC investigator assigned to case. Statement stated that Plaintiff" had received final paycheck from Walden House but had not cashed it." Statement also stated that Plaintiff had never attended Walden House training given around May 5, 2005 at Walden House Mission Street Facility, regarding Latino culture.

Plaintiff had document verifying that she attended this training. Mardell Gavriel was also

present at this training, as well as Dr. Gene Hightower. They can thus verify as witnesses

that Plaintiff attended this training and thus was qualified to be a Facilitator at the

REACH Latino treatment group. Plaintiff is also fluent Spanish Speaking and is well

qualified to facilitate this group. Defendant made these statement in writing to the

EEOC, either knowingly or intentionally, or else without first verifying Training sign in

sheet record and talking to witnesses who were at training. At best, this is sloppy work.

In addition, Plaintiff has never cashed final paycheck from Defendant, therefore she has

never received final paycheck. This can be verified from Bank of America.

Plaintiff consulted with an attorney who communicated to her that if Plaintiff had not

received final paycheck Defendant simply needed to mail her the final paycheck again,

with fines included for not having received it. To this date, Plaintiff has not yet received

final Paycheck from Walden House and fines, including one month's worth of Salary for

Defendant not having mailed it again. Therefore it is important that this case not be

dismissed, in order for this important issue to be addressed and resolved in this Court.

Plaintiff is claiming further retaliation and further racial harassment/discrimination on

the part of defendant for not mailing her final paycheck to her again, when she requested

this. Plaintiff never signed United States postal Website Certified mail green card and

therefore never received this final paycheck. Defendant, to plaintiff's understanding,

never submitted to Small Claims Court United States postal Website printout that states

when this check was delivered to Plaintiff's address.

Plaintiff is requesting and insisting that Defendant provide to this Court a copy of the United States Postal Website green card, which is the valid and legitimate evidence to verify that Defendant mailed the last paycheck via Certified mail to Plaintiff. Date card was mailed, address it was mailed to, as well as signature of whoever signed for this needs to be carefully examined, as well as the U.S. Postal Website Confirmation printout, Confirmation number that exactly matches the green card. Plaintiff never signed for this, therefore plaintiff never received final paycheck. Plaintiff never having received final paycheck was communicated to Judge in Small Claims Court on October 5, 2005.

Plaintiff states that defendant is continuing to harass Plaintiff by not mailing paycheck again to Plaintiff at this time. There is no logical reason as to why Defendant did not void old check in October 2005 and sent a new check via certified mail after October 5, 2005 Hearing. Plaintiff not having cashed paycheck is not credible particularly in light of evidence of letter sent to EDD which shows Plaintiff suffering severe financial harm at this time from Lockout. EEOC investigator communicated to Plaintiff at this time that harm suffered by Plaintiff from Walden had been accepted as valid by EEOC personnel. Melinda Tuazon stated that she was investigating this matter. Plaintiff is respectfully requesting that this Court procure records from San Francisco EEOC from Ms. Tuazon's stated investigation. Plaintiff appreciates the Court's extra time and efforts with this matter.

Plaintiff is stating that Defendant not mailing final Paycheck is continuing

Retaliation by Defendant for Plaintiff having engaged in protected activity regarding

REACH program. This retaliation continues to occurr at this time. This Court is an

appropriate stetting for Resolution of this matter to take place regarding this. Plaintiff

informed the EEOC as was instructed to do on EEOC forms to communicate to

any further Retaliation or any further racial harassment regarding company

Discrimination Charge. Plaintiff states in response to Order dismissing complaint

That the EEOC has grossly and intentionally neglected to do their legal duty by

not investigating the Discrimination Charge brought to them in 2007. Plaintiff will

report this gross neglect of duty to the Washington EEOC and request

that this matter be investigated, particularly in light of the fact that $8,000 worth of

professional tools is involved. Plaintiff also e-mailed Ms. Tuazon at least 10

times in 2006 regarding Walden House, thus Ms. Tuazon is well informed that Walden

House was continuing to racially harass, discriminate and Retaliate against Plaintiff in

2006. There is no excuse for the EEOC not to have investigated this Charge. The basis of

the 2007 Retaliation claim is also validated by EEOC personnel, who checked the racial

Discrimination box, Mexican, as part of the Charge. Therefore plaintiff did not diagnose

this alone. Intentionally withholding of Plaintiff's professional tools and property is

continuing Retaliation and continuing racial harassment by Defendant.

At this time, Defendant has not cooperated with reasonable request of Plaintiff for

Defendant to UPS Sandplay tools. Exhibit 3: August 16, 2005 letter from Plaintiff to

Lisa Zaslove, Walden House Supervisor who hired Plaintiff, requesting

tools be UPS to Plaintiff. Ms. Zaslove never responded to letter.

Exhibit 3(a), Certified mail receipt, green card, evidence that Ms. Zaslove received this

Letter. She signed the United States postal green card. This is the first occasion Plaintiff

requested in writing that this sandplay tools be UPS to her. The second time was

in front of the Small Claims Judge on October 5, 2005, Plaintiff requested that Sandplay

property be returned to Plaintiff. The Judge stated that Lori Dorn, Walden House HR

Manager and Plaintiff needed to discuss this outside the courtroom,' among yourselves."

Plaintiff felt at the time that outside this courtroom in the hallway was an inappropriate

Venue to discuss this matter and that this Judge was grossly neglecting to do her

duty by not allowing time for this matter to be discussed and resolved within

Courtroom, as this was an appropriate matter to discuss there. Defendant

never UPS the sandplay tools to Plaintiff. Exhibit 4: Certified letter mailed to Defendant

on April 8, 2006, requesting that sandplay Collection be UPS to Plaintiff. Defendant

received this letter but never responded to letter and never UPS the sandplay Collection.

This is the third attempt made by Plaintiff to recover property and this is the second time

Defendant ignored this matter. Plaintiff mailed this letter after

attorney consultation regarding this property. Exhibit 5: letter sent to Plaintiff by

Community Boards Mediation personnel. Plaintiff met with Matt McGilbrey of this

Organization in person at the Mission Street office regarding this matter in April 2006.

This was the fourth attempt by Plaintiff to recover her professional property.

Plaintiff stated to Mr. McGilbrey that the Judge in Small Claims Court had stated that

Defendant did not owe any money to Plaintiff and had made a Judgment regarding

This. Mr. McGilbrey stated at this meeting that it appeared as though 'Walden

House attorneys had put pressure on this Judge to do this." Plaintiff was also ordered by

Judge to 'Pick up property at Walden House." Due to the severe level of

harassment Plaintiff had experienced at Walden House, proof of which are several

letters from witnesses, which Plaintiff is submitting with this request, Plaintiff felt

unsafe about following this Judge's order, and went with her own sense of personal

safety. This was an ethical decision made on part of

Plaintiff. Walden House never agreed to meet with Plaintiff in person at

Community Boards Mediation. Mr. McGilbrey can verify this. Instead,

Defendant stated to Mr. McGilbrey by phone that 'It is too expensive for Walden

House to UPS this property... that Plaintiff "could come in person to Walden

Warehouse to pick property up and bring a friend along if she wanted to, and

Walden House 'would put $30 in her hand to take a Taxi home in with the property."

Defendant's claim that it is too expensive for them to mail sandplay property is not

Credible. Exhibit 6: letter from Witness Bernadette in which she states that Walden

House" is an extremely well funded organization." Defendant also owns a Van in
which

To transport the sandplay property boxes to a UPS location, which can then be UPS to

Plaintiff's storage locker. Plaintiff was alarmed at the time that Defendant was offering

$30 in cash to her and wanting to arrange the matter in such a way that a receipt was

to Plaintiff, since the $30 was to be given 'in cash.' The fifth attempt Plaintiff

made to recover her property was by writing to the District attorney. Exhibit 7:

Correspondence with District attorney. The 6th attempt Plaintiff made to recover

property was by going in person to the San Francisco Police Station, Fillmore Station,

asking the Police officer to escort her to Walden House warehouse to get her property.

The Police refused to accompany Plaintiff on this matter, stating,"You can do this

yourself and take a friend who has a van with you to help you." Plaintiff does not have

friend with a van and also felt that it was unethical and dangerous to ask any friend to

become involved in going alone with her to Walden House, given the level of harassment

Plaintiff had suffered at Walden House, particularly from certain Walden

Counselors, such as Janet and Noah. The 7th attempt Plaintiff made to recover

sandplay property was when Plaintiff made 3rd Retaliation Charge with the EEOC in

It had been explained to Plaintiff in letter by EEOC that if Defendant

continued to Discriminate or Retaliate, that this needed to be communicated to

EEOC. Plaintiff therefore did her legal duty at this time and went to the

EEOC. Plaintiff was not expecting to receive another letter to Sue, but this

was given by the EEOC, according to the Judgment of the EEOC, who also

defined this action of Defendant continuing to wrongfully withhold Plaintiff's

property as" Retaliation." This Retaliation is part of a continuing thread of

Plaintiff having whistleblowed on several occasions to Board of Psychology

regarding Frank Gehr and having complained in person to Lori Dorn about

Mr. Gehr. Plaintiff was Locked out of Walden House as a result of

this Whistle blowing activity, including complaining in writing to Ms.

Gavriel of Mr. Gehr refusing to authorize her to Facilitate a Latino

group in the REACH program at Walden House. Dr. Gene Hightower,

Coordinator of the REACH program, is a witness to this racial discrimination

from Mr. Gehr. Defendant then Retaliated by not mailing final paycheck to

Plaintiff after October 5, 2005 Hearing.  In the absence of proof which needs

to be given by Defendant of U.S. Postal green card signed by Plaintiff, as well

as bank Statement from Bank of America verifying that Plaintiff has cashed

her final paycheck from Walden House, Defendant continues to Retaliate and

harass Plaintiff, by not mailing Final paycheck, one month's worth

Salary as Fines for not mailing it after October 5, 2005 Hearing. Plaintiff has

experienced financial harm as a result of Defendant not mailing final

paycheck after October 5, 2005.  Plaintiff has also experienced this not mailing

Paycheck as cruel on the part of Defendant. Defendant has also not paid

Plaintiff for Plaintiff taking 5150 pager while at Walden House.  Plaintiff was

paid on an hourly basis and this Pager was taken by Plaintiff on the weekends.

Exhibit 8:  sheet verifying that Plaintiff took Pager and was scheduled to take

Pager on at least a monthly basis.  Plaintiff has also not been paid by defendant

for having asked for an extra $3,000 during salary negotiations.  Ms. Dorn

communicated to Judge in Small Claims Court that 'The Salary negotiations

did not take place." Plaintiff had salary negotiations with Ms. Zalsove, during

which she asked for this additional $3,000.  There is a witness to these

Case No. C 08-0894 PHJ                    Page 11 of 24

Negotiations, a friend of Plaintiff who was in the house while Plaintiff

discussed salary negotiations with Ms. Zaslove. The additional $3,000 was

requested for Plaintiff having a Marriage, Family Therapist License. Exhibit 9:

MFT License of Plaintiff, including date license was first issued, June 2004.

Thus Plaintiff concludes that this matter falls under the scope of Practice of

this Court and the Jurisdiction of this Court, a Title VII of Racial Harassment,

Discrimination and Retaliation.  Ms. Dorn stated in Small Claims Court that

employees were being paid a lower salary than Plaintiff, however, none of

them were licensed at the time of October 5, 2005. Co- worker Michael Smith

may have been paid a significantly higher amount than Plaintiff. He said "I

 Make 50,000." at a staff meeting.  This would violate wage discrimination law

as he is male and had the exact same job description and very similar job

duties a Plaintiff. He is also Causcasian. Plaintiff has a birth certificate and

United States Passport to verify that she qualifies as a member of a protected

Status. Plaintiff was born in Mexico city, identifies as Mexican, and her

first language is Spanish.  Plaintiff is requesting the appointment of an

attorney for her case, as with next exhibit, number:  she can verify that the

Whistleblower Association gave her a referral for an attorney who did not take

her case.  Plaintiff also made diligent attempts and consulted with another

attorney. Matter has merit and definetly falls under a Title VII.

Dated: May 29, 2008          Jane Rocio Evans
                             Licensed Marriage, Family Therapist

RIVERSIDE CALL CENTER
P O BOX 12007
RIVERSIDE CA 92502-2207

**EDD** Employment
Development
Department
State of California

Mail Date:        08/15/2005
SSN:              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
Claimant Phone #:
                  415-318-0058

EDD Telephone Numbers:
English      1-800-300-5616
Spanish      1-800-326-8937
Cantonese    1-800-547-3506
Mandarin     1-866-303-0706
Vietnamese   1-800-547-2058
TTY          1-800-815-9387
Outside California
             1-800-250-3913

lldoodoloollllooododollolloodollooldollllooolloblol
**ROCIO EVANS**
**725 VAN NESS AVE APT 403**
**SAN FRANCISCO CA 94102-3274**

### NOTICE OF UNEMPLOYMENT INSURANCE CLAIM FILED

You filed a claim for Unemployment Insurance benefits effective  08/07/2005
When you filed your claim you stated:

1.  Your last employer was:      WALDEN HOUSE INC
                                 520 TOWNSEND ST
                                 SAN FRANCISCO CA 94103-4918

2.  The last day you worked for that employer was 08/03/2005.

3.  The reason you are no longer working for the above employer is:
    TERMINATED

4.  You <u>are not</u> receiving a pension or other income.

5.  You <u>are</u> able and available to accept full time work.

6.  You <u>have</u> the legal right to work in the United States.

**Please check the above information carefully.  EDD will consider this information
correct unless you report other information within (ten) 10 days from the mailing
date of this notice.  Any response after 10 days may result in delay of benefits.
Remember to include your name and Social Security Number in all correspondence
with EDD.  Mail your response to the EDD address above or you may call EDD.**

**Although federal and state laws prohibit the revealing of information about your
employment and your UI claim to your spouse, relatives, friends, non-interested
parties, and private interest groups, federal legislation requires that such
information be made available to state and federal Welfare, Medical Assistance,
Food Stamps, Housing, and Child Support Enforcement agencies.  Confidentiality is
the responsibility of all agencies using the information.**

DE1101CLMT/ Rev. 3 (11-04) CLAIMANT NOTICE

CU-PA343

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Rocio Evans<br>1230 Market St., #234<br>San Francisco, CA 94102 | From:  **San Francisco District Office - 550**<br>**350 The Embarcadero**<br>**Suite 500**<br>**San Francisco, CA 94105** |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **370-2005-02582** | **Malinda K. Tuazon,**<br>**Investigator** | **(415) 625-5691** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐  While reasonable efforts were made to locate you, we were not able to do so.

☐  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michael Baldonado*                                         8/10/06

Enclosure(s)                    **H. Joan Ehrlich,**                    *(Date Mailed)*
                                           **District Director**

cc:  **WALDEN HOUSE**
     **890 Hayes Street**
     **San Francisco, CA 94117**

EEOC Form 5 (5/01)

| ·CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 370-2005-02582 |

| **California Department Of Fair Employment & Housing** | | and EEOC |
|---|---|---|
| State or local Agency, if any | | |

| Name (Indicate Mr., Ms., Mrs.) | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| **Ms. Rocio Evans** | **(415) 318-0058** | **05-26-1962** |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **725 Van Ness Ave. #403, San Francisco, CA 94102** | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **WALDEN HOUSE** | **500 or More** | **(415) 701-5100** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **890 Hayes Street, San Francisco, CA 94117** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**08-30-2005**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I filed Charge No. 370-2005-02434 on August 9, 2005. I was locked out of the facility on August 9, 2005. My former Administrative Supervisor, Frank Gehr, is currently the only one who has keys to my former office, room 403. This is scrutinization due to my reasonable suspicion that Mr. Gehr is looking for any documents or papers that I have left in this office, such as letters written to Human Resources and letters to the Board of Psychology, which would be very confidential information. Respondent is still withholding my final paycheck. I have written three letters to Respondent asking for the paycheck but I have received no response. I have been checking bank statements and my final paycheck has not been deposited. On August 15, 2005, I was served at my home, possibly by a Walden House client, a hand-delivered envelope containing an unknown document from Respondent's Human Resources Manager, Lori Dorn. The person who served these documents had to go through two locked doors and a security door to reach my fourth-floor apartment in a security apartment building. I believe this is harassment by Walden House. I believe Dr. Mardell Gavriel, the Walden House Director of Mental Health Services, is aware of these actions and may have authorized some of them.**

**Respondent gave no reason for its actions.**

**I believe I have been discriminated against because of my race and national origin, Mexican, and in retaliation for engaging in protected activity.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 30, 2005**<br>Date          *Rocio Evans, MFT*<br>Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

August 26, 2005

To Lisa Zaslove,

I am mailing you these notes and assessments. I had them with me in a notebook on Wednesday, August 3rd when I was standing in the nexus next to the Xerox machine at 890 West Walden House, ready to file them in the Counselor's office that afternoon. I accidentally took them home with me when I ran out of the nexus that day.

I was swamped with the 7 Medi-cal charts I was managing at the time and hadn't had a chance to file them.

Assessments I am submitting are:
Rob S.
Robert B.
Darrel W.
Theresa B.
Cleveland D.
Peter H.
Sherri g.
John R.
Frank S.
Lauchlan M.

I am also submitting Bonding group notes, domestic violence group notes. I have kept track of the client's notes I am submitting and trust that these will be filed in a timely manner.

I am also requesting that the assessments including assessments for clients Lisa Y. and Shana N. I completed which I left in the office I was using, room 403, in the desk drawer on the right hand side, be filed as soon as possible as well. I also started an assessment for client Yoshica that is in a file, also on the right hand drawer of the desk. Also, in the same notebook is case management information on housing for client Theresa B. that I am requesting be faxed as soon as possible, as she'll need this.

During my tenure at Walden House, I completed 65 to 70 % of the assessments which I would get to first in the blue box in the Counselor's office.

Please refer these clients that I was seeing for therapy when I was last at Walden House: Medi-Cal clients:
Lauchlan M., if he has chosen to come back to Walden House,
Frank S.
Roy S.
Eliseo Z.
Michael F.

Non-medi-cal clients to refer are:
Peter H.

I had referred Ramon C. to theReach program, and was seeing him in individual therapy, but he was discharged at the time I was locked out of Walden House.

Please refer Theresa B. to the Reach program. Please refer Shana N. and Susan P. to a student Intern therapist in September.

The Medi-cal charts which I was working on which need to be closed are:

Linda W.

Todd H.

I am also requesting that my former clients or any other clients not be pulled into or informed as to the circumstances regarding my exit from Walden House, as this would constitute ethical violations, according to Board of Behavioral Sciences and California Association for Marriage, Family Therapists Ethical Standards.



Please ask someone to mail me by way of UPS shipping service my Sandplay miniatures collection, art therapy supplies, 5150 Training handouts, DBT handouts, papers in plastic file in left hand corner on top of desk, CPS booklet with letters inside, tapestry, 2 books, manila file with domestic violence handout which took me years to collect, slide projector, slide carousel, flower vase, and in particular a glass vase which was given to me by my brother, which has great personal significance to me. This vase is under the desk on the right hand side.

Please ask someone to carefully wrap all miniatures in tissue paper. Some of the items are fragile, and need very careful attention as regards packaging. "Fragile" needs to be marked in felt tip marker in larger letters on the UPS boxes.

Please mail all of these items to:

Rocio Evans

725 van Ness Avenue, apt 403

San Francisco, CA 94102.

I am requesting that these items be mailed by August 31, 2005.

I trust that clients will not be involved in the packaging and shipping process, in accordance with ethical standards.

Respectfully,

Rocio Evans, MFT

## Top Receipt

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lisa Zaslove, P.h.D.
Walden House
815 Buena Vista West
San Francisco, CA. 94117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery
8/5/0?

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(Transfer from service label)
7005 1160 0003 7938 9388

S Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

☐ Agent
☐ Addressee
C. Date of Delivery
☐ Yes
☐ No
☐ Express Mail
☐ Return Receipt for Merchandise
☐ C.O.D.

A. Signature
X _(signature)_ Kim S. Diep

B. Received by ( *Printed Name* )

D. Is delivery address different from item 1?
If YES, enter delivery address below:

JUN 19 2008

Service Type
☐ Certified Mail
☐ Registered
☐ Insured Mail

COMPLETE THIS SECTION ON DELIVERY

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lisa Zaslove, P.h.D.
Walden House
815 Buena Vista West
San Francisco, CA.
94117

## Bottom Receipt

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Lisa Zaslove
Walden House
815 Buena Vista West
San Francisco, CA. 94117

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X Lisa Zaslove  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail  ☒ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(Transfer from service label)
7005 0390 0003 6157 0086

S Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

4-8-2006

CERTIFIED MAIL RETURN RECIEPT
Walden House Inc.
520 Townsend Street
San Francisco, CA 94103

Rocio Evans
1230 Market Street., #234
San Francisco, CA 94102

RE: Sand play therapy collection

Dear Chair Person:
        To Walden House Chairperson and all board members, I am demanding that
Walden House UPS my Sand play therapy collection worth $8,000    and my personal
belongings at your earliest convenience. Walden house is intentionally withholding my
property. My first demand letter was mailed via certified mail to Lisa Zaslove regarding
this on August 16,2005.

        This matter has already been addressed in small claims court. Walden House
attorneys have sent documents to this court without any copies of this documents being
mailed to me. I demand that all these attorney documents now be mailed to me.

Thank you for your cooperation.

                                        Sincerely

                                        Rocio Evans, MFT
                                        Rocio Evans
                                        Licensed Marriage
                                        Family Therapist

COMMUNITY BOARDS

**YEAR**
**30** *civility*
*safety*
*peace*
1976 - 2006

celebrating three decades of public service

January 3, 2006

Ms. Rocio Evans
1230 Market Street, #234
San Francisco, CA 94102

Re: Community Boards Reference 060006

Dear Ms. Evans,

Thank you for contacting Community Boards to help you resolve your dispute with Ms.Denise Hart regarding reimbursement of security deposit. Community Boards is a non-profit organization that offers people the opportunity to resolve differences peacefully and to everyone's satisfaction. Our process aims to fully and equally address the issues of both parties.

We do not take sides. Nor do we impose solutions. Community Boards serves as a third, impartial party that helps people reach mutually acceptable resolutions and better understandings. You have taken the first step and we, of course, encourage the fullest use of our services.

As with all non-profit organizations, we need donations to help with our daily operations. To this end, we ask for your kind donation, the suggested amount of which is between $25 and $100. Of course, any donations of less or more than the suggested amounts are also welcome. We have enclosed a donation envelope for your convenience. All donations are fully tax deductible to the extent allowed by law.

Your case manager can be reached at (415) 920-3820 ext. 103. (To help us assist you more efficiently, please refer to the following case number when calling: 060006). Our desire is to be of service to both of you.

Sincerely,

Joseph Chan
Intake Coordinator

November 22, 2005
Rocio Evans vs. Walden House
Case number: 814310

To San Francisco District Attorney,

I am requesting that you investigate Walden House, Inc. On October 5, 2005, during a Small claims Court hearing they forged exhibits such as my termination letter to show the Judge. The Termination letter I received by mail is dated August 3, 2005. They forged a new Termination letter dated August 9, 2005. I am claiming they have forged this new Termination letter in order to deny the events surrounding the August 3, 2005 attempted termination, in which Frank Gehr, Supervisor, showed evidence of drug use and erratic behaviors by attempting to Terminate me while I was standing next to the Xerox machine at the nexus and attempted to corner me like a trapped animal. See letter submitted to Judge.

I have requested Walden house's exhibits from the 400 McAllister Courthouse on October 31, 2005. I was refused a copy of these for no reason whatsoever. Please request a copy of all of my exhibits and Walden House's exhibits in order to investigate this allegation I am making that Walden House has committed willful and intentional Fraud regarding my case. You have my authorization in writing to ask for and review all of these records.

I have claimed to the Judge in writing before she made her Judgment that Walden House administration has forged several documents/exhibits and submitted them as evidence. I also claimed that Walden House has committed *mail fraud* and has forged the mailing receipts. They claimed they mailed my last paycheck via overnight mail on August 9, 2005 during the Hearing. Walden House has claimed in writing to the Equal Employment Opportunity Commission that 'Ms. Evans has received this last paycheck and has never cashed it." This is a false misrepresentation of the facts. I have also submitted a letter to the labor commissioner stating that I am currently unemployed and that I wanted the Judgment to be decided upon more quickly due to the severe financial hardship I am now undergoing. I am currently homeless, staying with a friend. I a am currently receiving food stamps and waiting for my General Assistance Benefits to come in. This check will be legally void in February 9, 2006. . As I claimed during the October 5, 2005 Small Claims hearing that I had never received this last paycheck after August 9, 2005, Walden House could have issued me a new paycheck and given it to me in order to easily resolve this dispute. This they have not done.

I also claim that Walden House has forged their mailing receipts which are not stamped, and which if issued from the United States Post Office would have been stamped.

During the October 5 Hearing, Walden House manager Lori Dorn stated that 'Ms. Evans has used up all her vacation Time and is not due Vacation pay from Walden House." This is a misrepresentation of the facts and I have submitted evidence in the form of the paycheck I received from Walden house at the end of July 2005, in which it clearly states on the paycheck that I am due one day of vacation which has not yet been paid to me by Walden house. I also submitted much evidence that Walden Walden House payroll personnel never returned the one-day vacation pay in March 2005. I did not go on vacation on this date and the payroll personnel had stated I had, therefore I am due 2 days vacation pay from Walden House.

I have also submitted the copy of the last paycheck from Walden House, dated August 3, 2005, which I had returned, due to Walden house having violated their disciplinary policy and my challenging this Termination and returning back to work on August 9, 2005. I then experienced a Lockout from Walden House administration. Please review this paycheck carefully and compare it to the paycheck Walden House claims to have overnight mailed on August 9, 2005. The Xerox copy I submitted is issued from Bank of America.

Please carefully review this case. Also, please look into the matter that Frank Gehr had been illegally authorizing the break in of my office, room 403, at 890 West Walden House Facility, in order to steal letters to Human Resources and the Board of Psychology. On July 26, 2005, I witnessed one of the clients in Walden House who erroneously described himself as a 'Floater' although his name was not written on the Floater sheet for that afternoon. At 3:15 p.m., I witnessed this client attempting to turn the knob into my office and enter my office, while as a Therapist I was seeing another client for therapy. I am alleging that this client, who of course, has been exploited, was authorized by one of the staff at Walden House to break into my office and get these papers. Please talk to Counselor Patricia Ayala, who claimed

around August 16, 2005, "Frank Gehr is the only one who has keys to your Office." Please look into if a Counselor, authorized by Frank gehr or any Walden House administration, has given keys to a client to break into my former office. While I was still employed at Walden House during May 2005, I had a CPS Booklet stolen from my office. It had letters to HR and other important documents.

Please respond to this letter in writing. Please mail me any additional forms I may need to complete this complaint process.

Respectfully,

Rocio Evans

Ms. Rocio Evans, MFT
Case number 814310
1230 market Street #234
San Francisco, CA 94102



KAMALA D. HARRIS
DISTRICT ATTORNEY
CITY AND COUNTY OF SAN FRANCISCO

Dear Consumer:

Thank you for contacting the San Francisco District Attorney's
Consumer Protection Unit. We can handle your complaint if it involves a
business located in San Francisco or if the business transaction took place
here. If it is not within our jurisdiction, please contact the consumer
protection agency in the appropriate state or county.

Please fill out this attached form and answer as many questions as you
can. If you have supporting documents or papers related to your complaint,
include COPIES and keep the originals for your records. Our staff will review
your complaint and decide how best to help you, which may either result in
the use of our free mediation services or possible referral to another more
appropriate agency.

Because of the volume of complaints received by this unit, our response
to your complaint may be delayed. You will be contacted as soon as practical
and wish to thank you in advance for your patience.

Very truly yours,

CONSUMER PROTECTION UNIT
732 Brannan Street
San Francisco, CA 94103
(415) 551-9595

# ALWAYS CALL** 911** FIRST** IN CASE OF OVERDOSE OR SEVERE SELF INJURY

## Walden House On- Call Contact List

| Date | Primary | Alternate |
|------|---------|-----------|
| 6/23/05 | Patricia | David |
| 6/30/05 | Michael | Rocio |
| 7/07/05 | David | Leroy |
| 7/14/05 | Glo | Patricia |
| 7/21/05 | Leroy | Michael |
| 7/28/05 | Patricia | Glo |
| 8/11/05 | Rocio | David |
| 8/18/05 | Michael | Rocio |
| 8/25/05 | David | Leroy |
| 9/01/05 | Glo | Patricia |
| 9/8/05 | Leroy | Glo |
| 9/15/05 | Rocio | Michael |

**\*\* Call Pager 415-998-8334 first, then contact numbers if no response.**

**David** - 415-760-9304 / 415-706-8632

**Michael**- 415-760-9296 / 415- 710-6729

**Patricia** - 415- 637-3872/(415-760-9291Alternate status #)

**Rocio**- 415-760-9276/(415-760-9291Alternate Status#)

**Leroy**- 510-332- 1265/ (415-760-9291Alternate Status #)

**Glo**- 925-698- 6859/ (415-760-9291Alternate status #)

**Frank Gehr**- Mental Health Coordinator Adult Services-pgr.415-201-9460, cell-415-760-9248

**Gretchen Richardson**-890W Facility Mgr./415-8596221

**Sam McDaniels**-815 Facility Mgr.-415-725-1977

**Jackie Simms-Piljay**-815 Private Pay Program-415-716-9871



Copy of my License. Part of my Defamation claim against Walden House claims that Walden House has made it seen like I am a "scamming" for $5,000 at Small claims Court. People who are actively involved using drug usually scam for money. this type of Defamation at PUTS my Professional reputation at risk in the Professional Community. I have a Professional License to protect. I have no Criminal record. Rocio Evans, M??

BOARD OF BEHAVIORAL SCIENCES
400 R STREET, RM 3150
SACRAMENTO, CA 95814
916 445-4933

State of California
Department of Consumer Affairs

**MARRIAGE AND FAMILY THERAPIST**

VALID UNTIL MAY 31, 2006

LICENSE NO. MFC 40689
RECEIPT NO. 00121506

ROCIO EVANS
PO BOX 7495
SAN DIEGO CA 92107

ISSUE DATE    JUNE    7, 2004
In accordance with the provisions of Division 2 Chapter 13 of the BUSINESS AND PROFESSIONS CODE, the person named hereon is issued a Marriage and Family Therapist original license.

06/14/04
06/14/04

December 2005

EEOC 350 The Embarcadero Ste.500
San Francisco, CA 94105-1260

Re: Conduct of Supervisors at Waldenhouse

To Whom This May Concern,

My name is Bernadette Avanzar and I have been a professional worker in
Social Services and Public Health for the past 12 years. I work and live in
San Francisco, California.

Approximately 8 years ago I was employed as a case manager at the county
jail #8, under the supervision of some Waldenhouse managers, working
along side with other WH staff members. I truly loved and enjoyed my job,
and was able to form a good working (therapeutic) relationship with the
inmates. But from the very start I was also deeply shocked and disturbed to
see and hear the behavior and attitude of these long term Waldenhouse
employees. Especially my immediate supervisor Gayle ?, Elba Rosales,
Walthena Jackson, and Mrs. Muhammad stood out for their extremely
immature and unprofessional conduct. Their self righteous, aggressive,
racist, and often hateful and sarcastic attitude (especially toward white and
Asian women) was only matched by their ignorance of the subject matter at
hand. I have personally witnessed their therapeutically counterproductive
interactions with clients, a lot of falsifying charts and records, and overheard
often their outright lying and slandering among each other and to others over
the phone. Several months into my job, I finally confronted some of their
unethical behaviors and ended up reporting it to my supervisor Gayle.
The very next morning (I think it was a Wednesday), right after arrival at my
workplace, I was forced by my supervisor Gayle to follow her towards a
destination unknown. I remember it was raining and cold and every time I
asked her where she was taking me, I was told to "shut up" and to "just go".
At one point she physically dragged me through some abandoned buildings
and industrial back yards – all the while, intimidating me with harsh words
and physical gestures. You see, Ms. Gayle is a very big, strong and tattooed
woman who calls herself an "outspoken, no-nonsense hardcore dyke" (her
own words) and I am just a "skinny foreigner with a silly accent" (also her
own words).

After this coerced (and very traumatic) march, where I was treated like a hostage – we finally ended up at Waldenhouse headquarters on Townsend street, a place I have never ever been to. There, I was pushed into a back room and a man (white man with a little beard) who refused to give me his name (!!!) fired me in great anger and indignation. I was being yelled at by both of them and was emotionally and verbally abused by two gloating and smirking faces without giving me a concrete reason why I was there at the first place. I was also told that California is an "at will" state and that they do not have to answer to any of my questions and inquiries.

I was stripped of my badge, my keys, and told that I was not allowed near or in the county jail anymore and that they will put my name of a list of "undesirables". Then, I was told to leave WH headquarters and "to never come back".

I was devastated, full of tears, and remember walking around the Townsend area for a few hours because I was so shocked and traumatized.

Afterwards, because of this, I fell into a deep depression and had to go back to my continent for several months to recuperate (otherwise I would have ended up here in a hospital). This episode with Waldenhouse and knowing that their managers are not only incompetent and ignorant but also have too much power without putting ethics, morals, or their clients first, is still an enigma to me.

In the meantime, I became a certified Supervisor and organizational behaviorist. I also work as a clinician privately and admit of hearing still a lot of negative, unethical, and illegal stuff about Walden house from other social workers, therapists and drug treatment counselors. It seems that the attitude and professionalism is still at a very low level of functioning and only an outside organization would be able to shed light (and help) on this often counterproductive and internally abusive (and extremely well funded financially!!!!!) organization.

Thanks for listening.

Sincerely servus,

Bernadette Avanzar, CSAC
(415) 626-1915

# Certificate of Completion

**Walden Institute of Training**

presents this certificate to

## ROCIO EVANS

for completing 6 continuing education hours of

### UNDERSTANDING LATINO AND HISPANIC IDENTITY IN THE TREATMENT OF SUBSTANCE USE DISORDERS

Presented by Ron Gutierrez on May 5, 2005

Brian Greenberg, Ph.D., Director of Administration; Walden House, Inc.

Board of Behavioral Sciences Provider No. PCE 932 CAADE Provider No. CP10 726 A 0307 CAADAC Provider No. 4C-94-042-1203 BRN Provider No. CEP 13058. Walden House is approved by the American Psychological Association to offer continuing education for psychologists. Walden House maintains responsibility for the program. This certificate must be retained by the licensee for a period of four years.