UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE ROCIO EVANS,

    Plaintiff(s),                        No. C 08-0894 PJH

    v.                              **SECOND ORDER RE AMENDED COMPLAINT**

WALDEN HOUSE, INC.,

    Defendant(s).

_____/

       By order dated filed May 9, 2008, the court dismissed plaintiff's complaint for failure to establish federal subject matter jurisdiction. The dismissal was with leave to amend. Plaintiff was given instructions on the deficiencies in her complaint and was permitted to file an amended complaint curing those deficiencies by May 30, 2008. Instead of filing an amended complaint, plaintiff filed on May 29, 2008, a request to vacate judgment to dismiss complaint and on June 2, 2008, a request to vacate order to dismiss complaint. Plaintiff argued in both documents why her complaint should not have been dismissed, but did not clearly state what her claims are so that the court could complete the review required by 28 U.S.C. § 1915. Accordingly, both requests were denied.

       Plaintiff was, however, given yet another opportunity to amend her complaint and was told again that the amended complaint must contain the heading "Amended Complaint" or "First Amended Complaint," and must clearly set forth the acts committed by defendant that she is suing for, the dates these acts are alleged to have been committed, and the legal basis for this court's federal subject matter jurisdiction. The deadline for filing the amended complaint was extended to July 10, 2008. On July 8, 2008 plaintiff lodged, but did not file, yet another document, this time untitled, in which she requests yet another

continuance of unspecified duration so that she can come to the courthouse on July 21, 2008 to look at the court file for this case and view the electronic record. She says that she attempted on July 7, 2008 to "access records from Defendant's response at Federal Courthouse, in order to adequately respond to statements that Plaintiff's Title VII charge is not clear." Plaintiff appears to believe that Walden House has objected in some way to her complaint and she appears to be attempting to obtain that objection. Plaintiff is mistaken. Walden House has not even been served with the complaint.

As explained to plaintiff in the court's first order dated May 9, 2008, because plaintiff requested to proceed without prepayment of filing fees, the court must first screen her complaint to determine if it is frivolous because it fails to state a claim for which relief can be granted or fails to state a basis for federal jurisdiction. Thus, Walden House has filed nothing in this case; rather the court pointed out the problems with plaintiff's complaint as it is required to do before it may approve plaintiff proceeding in this case at taxpayers' expense. Plaintiff is directed back to the May 9, 2008 order for instructions on what she needs to show to establish federal jurisdiction. Because there is no federal jurisdiction if plaintiff did not file an EEOC complaint within 180 days of the unlawful employment practice, which appears to be her August 4, 2005 termination from Walden House, plaintiff must submit a copy of her EEOC complaint filed before February 4, 2006.

One last continuance will be granted. If an amended complaint with the appropriate supporting documents is not filed by July 24, 2008, this complaint will be dismissed.

**IT IS SO ORDERED.**

Dated: July 11, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JANE R EVANS,

        Plaintiff,

  v.

WALDEN HOUSE INC.,

        Defendant.
                                      /

Case Number: CV08-00894 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jane Rocio Evans
PO Box 424886
San Francisco, CA 94142

Dated: July 14, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk