Jane Rocio Evans
P.O. Box 424886
San Francisco, CA 94142

RECEIVED
2008 JUL -8 P 5: 25
RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROCIO EVANS, MFT<br><br>Plaintiff,<br><br>vs.<br><br>WALDEN HOUSE, INC.<br><br>Defendant | Case No. C 08-0894 PHJ<br><br>**FILED**<br><br>JUL 0 8 2008<br><br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA |

Plaintiff is respectfully requesting an additional extension of time in order to respond to last letter sent by Court. Plaintiff attempted on July 7, 2008, to access records from Defendant's response at Federal Courthouse, in order to adequately respond to statements that Plaintiff's Title VII Charge is not clear. Plaintiff could not find any records concerning Defendant's response to her Complaint in the hard copy paper file regarding this case. Plaintiff attempted to then find and read the response to Plaintiff's Complaint and any other responses made by Defendant, and could not find this information in the electronic file. Plaintiff was given the name of and phone number of the clerk assistant to this Judge in order to inquire about this. As Plaintiff specifically requested time off in order to be able to walk in person to this Courthouse, Plaintiff is now requesting the date of Monday, July 21 2008, in order to be able to successfully ask and be granted time off from her full time professional job in order to be able to walk into

Case No  08-0894 PHJ                                       Page 2 of 5

the Courthouse again and view the electronic record, perhaps when the clerks have had the opportunity to file this information, if this is what has occurred. Plaintiff reasonably needs this information in order to respond adequately to very serious charges, as this case involves whistleblowing regarding homeless populations and Latino clients and their families, who are currently recovering from substance abuse and being in prison. Thus, given the serious whistleblowing nature of these Charges and this case, Plaintiff respectfully requests that this matter continue to be given serious consideration in terms of having sufficient time to be able to respond in a fair manner. Plaintiff appreciates the fairness of this Judge thus far as regards giving consideration to this matter.

Plaintiff is submitting with this letter, **EXHIBIT 26:** letter dated: May 3, 2006: Re: OCC Case No. 0253-06, mailed from the Office of Citizen Complaints, from Kevin Allen, Director. Plaintiff complained regarding **neglect of duty** and **proper conduct** on Police Officer at police station on Valencia Street, San Francisco, for failing to file a Police report regarding criminal activity of Defendant manger Frank Gehr, for **intentionally trapping Plaintiff in the Nexus against her will** and stating to her 'You are going to be forced to have this meeting." Defendant Counselor Patricia Ayala is a witness that Gehr authorized her to escort clients who were manning the nexus out of the nexus by her on the date, August 3, 2005, 1:00 p.m. Plaintiff contacted Irene Rapoza and Rapoza taped the interview at that time with Plaintiff. During interview, Plaintiff made important comments regarding the REACH program. Afterwards, Plaintiff again attempted to have a Police report written on this matter at the Fillmore Police station.

Case No C 08-0894 PHJ                                      Page 3 of 5

Police officers there would not take a Police report, stating that Gehr's conduct was a civil matter, not a criminal matter. The police thus intentionally lied and again intentionally refused to do their legal duty. Trapping someone in a nexus intentionally is a criminal matter. Bernadette's letter also verifies that Defendant managers have a history of behaving in a violent manner, including assault of Bernadette by Gail, which caused Trauma for Bernadette.

**EXHIBIT 27:** letter dated: June 21, 2007, written Dobie Edmunds, NP, from Kaiser Permanente, San Francisco. This letter is concrete evidence that Plaintiff while employed at Walden House suffered harm. Plaintiff suffered abdominal cramps on a continuous basis for months, due to severe stress, criticism, harassment she experienced from Gehr, Nelson , Therapists and Counselors at Walden House. Plaintiff chose to endure physical suffering of cramps so that she would not run the possible risk of becoming addicted to Vicodin medication. Plaintiff is a say no to drugs individual and she felt it was wiser to endure this physical pain rather than to risk possible addiction. Therapist Patricia is also a witness to cramps and physical suffering of client. Plaintiff had lunch on a regular basis with Patricia and communicated to her at the time that she was suffering from cramps.

Dated: July 8, 2008                                        Jane Rocio Evans

                                                          *Jane Rocio Evans, MFT*
                                                          Licensed Marriage, Family Therapist

THE POLICE COMMISSION
# OFFICE OF CITIZEN COMPLAINTS

CITY AND COUNTY OF SAN FRANCISCO

May 3, 2006

**Kevin Allen**
Director

Ms. Rocio Evans
1230 Market Street, Suite #234
San Francisco, CA 94102

**RE: OCC Case No. 0253-06**

Dear Ms. Evans:

The Office of Citizen Complaints has conducted an investigation of the above-referenced complaint. A summary follows of the OCC's **preliminary** finding as to each allegation:

> The allegation of **Neglect of Duty** against an unknown police officer for neglecting his duty by failing to write an Incident Report is **Proper Conduct**.

Please refer to the attached information for definitions of these findings. If you are not satisfied with the preliminary disposition indicated above, you have the right to request an investigative hearing on this complaint. (Please see information sheet, enclosed). The OCC strongly recommends that, to assist you in determining the grounds for a hearing, you call promptly to make an appointment with the investigator in your case, **Irene Rapoza** at **597-7711**, to discuss the preliminary findings and to review the evidence upon which the findings are based. Your written request for a hearing must be mailed or delivered within ten (10) days of the date that you receive this letter to the following address:

> **Office of Citizen Complaints**
> **ATTN: Investigative Hearing Coordinator**
> **480-2nd Street, Suite 100**
> **San Francisco, CA 94107**

As members of SFPD know, Department General Order 2.04 III. A.5.a. requires that, after OCC's investigation, including any investigative hearing, the OCC's investigation and findings as to sustained allegations shall be transmitted to the Chief of SFPD or the Chief's designee for review and action.

Sincerely,

Kevin Allen, Director
KA: gl
Attachment Enclosed

# The Permanente Medical Group, Inc.

OBSTETRICS AND GYNECOLOGY
2238 GEARY BOULEVARD
SAN FRANCISCO, CALIFORNIA 94115-3416

ANTIOCH
CAMPBELL
DAVIS
FAIRFIELD
FREMONT
FRESNO
GILROY
HAYWARD
MARTINEZ
MILPITAS
MOUNTAIN VIEW
NAPA
NOVATO
OAKLAND
PARK SHADELANDS
PETALUMA
PLEASANTON

RANCHO CORDOVA
REDWOOD CITY
RICHMOND
ROSEVILLE
SACRAMENTO
SAN FRANCISCO
SAN JOSE
SAN RAFAEL
SANTA CLARA
SANTA ROSA
S. SACRAMENTO
S. SAN FRANCISCO
STOCKTON
VACAVILLE
VALLEJO
WALNUT CREEK

June 21, 2007

To whom it may concern:

Re: Ms. Jane Rocio Evans   MRN# 1236055

This letter is being written at the request of Ms. Evans. She would like to have documentation of the evaluation that was done at our facility in 2005 for her complaints of daily abdominal pain and cramping.

CT scans of pelvis and abdomen were done 3/11/05, showing one simple ovarian cyst of 4.8 cm. A follow-up pelvic ultrasound was done 4/19/05 showing normal uterus and ovaries, indicating interval spontaneous resolution of cyst. Urine cultures 3/05/05 and 6/05/05 were also normal. Ms Evans was given a prescription for narcotic analgesics (Vicodin) for the pain, but she did not fill the prescription.

Ms. Evans states that the abdominal cramping and pain that she had been evaluated for disappeared as soon as she was let go from her job at Walden House. These symptoms have not recurred. She states that the job at Walden House had been very stressful and that her work was unfairly criticized. She is now working in a welfare to work program and doing well with no recurrence of symptoms.

*Dobie Edmunds*

Dobie Edmunds NP
Dept OB/GYN
Kaiser Permanente, San Francisco

KAISER PERMANENTE